■ In the Matter of the Liquidation of UNION INDEMNITY INSURANCE COMPANY OF NEW YORK. MANUFACTURERS AND TRADERS TRUST COMPANY, Appellant; SUPERINTENDENT OF INSUR-

ANCE, Respondent. [650 NYS2d 227] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about July 11, 1994, which, *inter alia*, granted respondent Superintendent of Insurance's cross motion to confirm the Referee's report sustaining the Superintendent's denial of claimant's claims for payment from the New York Property/Casualty Insurance Security Fund, unanimously affirmed, without costs.

Claimant Manufacturers and Traders Trust Company ("M & T Bank") is the beneficiary on three bonds issued by the Union Indemnity Insurance Company of New York ("Union") binding the latter as surety in conjunction with loans made by M & T Bank to principals Equine Development Corporation, Genetics International Corporation, and Marc A. St. James ("the principals"). When the bonds were issued, M & T Bank and Union were New York residents and the principals were, respectively, Connecticut and Delaware corporations principally doing business in Connecticut, and a Connecticut resident.

After the principals defaulted on their loan payments, M & T Bank timely made a demand for payment from Union as surety. However, Union had, by then, been ordered into liquidation, and M & T Bank then filed proof of its claims with the Estate of Union and demanded payment from the New York Property/Casualty Insurance Security Fund ("the Security Fund"). The Superintendent of Insurance, as administrator of the Security Fund, denied M & T Bank's claims and this CPLR article 78 proceeding ensued.

To constitute an "allowed claim" for compensation from the Security Fund under Insurance Law § 7602 (former [g]) and § 7603 (a) (1) (former [B]), a claim had to arise under a policy in which both the "insured risk" and the "covered risk" were located or resident in New York State (*see, Matter of Snyder Tank Corp. v Superintendent of Ins. of State of N. Y.*, 140 Misc 2d 702, 704-706, *affd* 150 AD2d 992, *lv denied* 75 NY2d 704; *Matter of Royal Bank & Trust Co. v Superintendent of Ins. of State of N. Y.*, 148 Misc 2d 863, 866-868, *affd sub nom. Royal Bank v Corcoran*, 179 AD2d 374, *affd* 80 NY2d 983). The "insured risk" under a policy is the central focus of the policy, "the object or activity which is the subject matter of the insurance" (Restatement [Second] of Conflict of Laws § 193, comment *b* [1971]; *see also, Matter of Snyder Tank Corp. v Superintendent of Ins. of State of N. Y., supra; Royal Bank v Superintendent of Ins. of State of N. Y., supra*). The "covered risk" under Insurance Law § 7603 (a) (1) (former [B]) generally refers to the occurrence or event contemplated to trigger cover-

age (*see, Matter of Snyder Tank Corp. v Superintendent of Ins. of State of N. Y., supra; Matter of Royal Bank v Superintendent of Ins. of State of N. Y., supra*).

In the instant case, the Supreme Court found, contrary to the finding of the Special Referee, that the "covered risk" was located in New York, and disaffirmed that aspect of the Special Referee's report. The parties all concede, properly in our view, that this aspect of the Supreme Court's decision was correct, as the triggering event for coverage was the default in payments, which the loan documents clearly provided were to be made in New York. The dispositive issue, therefore, is whether the Supreme Court correctly applied the holding of *Royal Bank (supra)* to the facts at bar when it determined that in the matter at bar the "insured risk" was not located or resident in New York.

In *Royal Bank (supra)*, the claims arose out of the private placement of shares in a limited partnership and a loan to the limited partnership by Royal Bank to finance its operation. On the same date that Royal Bank advanced loan funds to the limited partnership, the investors in the limited partnership executed separate promissory notes for various amounts, which were then in turn assigned and delivered to Royal Bank in New York as collateral for the loan to the limited partnership. Union, as surety, issued separate investor bonds to Royal Bank to secure payment of the various investors' promissory notes, naming in each bond the single investor as principal, and Royal Bank as the obligee. The limited partnership and most of the individual partnerships defaulted on their notes.

In attempting to deny coverage by the Security Fund, the Superintendent argued that the risk insured was the investment, which was not located or resident in New York. Royal Bank argued that the risk insured was the "repayment by the investors" (*Matter of Royal Bank v Superintendent of Ins. of State of N. Y., supra,* at 867). The Supreme Court held that Royal Bank was correct, and in doing so, reviewed the plain language of the investor bonds. Specifically, the court stated, "They are not denominated investment bonds insuring the solvency of [the limited partnership], but rather are investor bonds to insure that the individual shareholders make payment to Royal, on the investor notes when demanded. The liability on the bonds exists independent of the profitability of the underlying investment. It is the failure of the investor to make payment on demand which triggers liability on the bond, not the default by [the limited partnership] on the loan. If [the limited partnership] defaulted on the loan, but the investor

paid on the assigned notes, no liability on the bond would arise." *(Matter of Royal Bank v Superintendent of Ins. of State of N. Y., supra,* at 867.) The court also noted that nothing in the statute prohibited the "insured risk" and the "covered risk" from being one and the same *(supra,* at 868). The court directed that the Superintendent afford coverage from the Security Fund on those bonds where the individual investors resided in New York and would pay the notes from New York *(supra,* at 869).

We are unpersuaded that the Supreme Court erred in applying the principles set forth in *Royal Bank (supra)* to the facts of this case. Having examined the surety bonds at issue here, we discern no significant difference in the kind of "risk insured" by them from the investor bonds at issue in *Royal Bank.* In both instances, it was the failure of the principals to make payment on the bonded notes that triggered liability on the bonds, and if the principals had paid the notes, no liability would have arisen on the bonds *(see, supra,* at 867). Thus, as the Supreme Court stated, with respect to this kind of bond, Security Fund coverage was dependent on a finding that the principals "reside[d] in New York and would pay the notes from here" *(supra,* at 869). As all of the principals were not located or resident in New York, the Superintendent properly refused to find M & T Bank's claims to be "allowable claims". Concur—Wallach, J. P., Rubin, Kupferman and Mazzarelli, JJ.